MAY v SOMMERFIELD

Docket No. 213378. Submitted September 8, 1999, at Grand Rapids. Decided December 21, 1999, at 9:10 A.M.

Dale E. May brought an action in the Charlevoix Circuit Court against Matthew A. and George A. Sommerfield, seeking damages for injuries allegedly suffered in a collision of his vehicle with the Sommerfield vehicle and alleging that he had suffered an impairment of an important body function so as to allow him to maintain a tort action pursuant to the provisions of the automobile no-fault act. The court, Richard M. Pajtas, J., granted summary disposition for the defendants, holding that although the pleadings established that the plaintiff had suffered an objectively manifested impairment of an important body function, they did not establish that the impairment affected the plaintiff's general ability to lead a normal life and, accordingly, that the plaintiff had not met the threshold necessary to bring his action for damages. The plaintiff appealed.

The Court of Appeals *held*:

1. MCL 500.3135(1); MSA 24.13135(1) provides that tort liability remains with respect to a noneconomic loss caused by the use of an automobile where the injured person has suffered serious impairment of a body function. MCL 500.3135(7); MSA 24.13135(7) defines a serious impairment of a body function as "an objectively manifested impairment of an important body function that affects the person's general ability to lead his or her normal life." MCL 500.3135(2)(a); MSA 24.13135(2)(a) provides that the issue whether an injured person has suffered a serious impairment of a body function is a question of law to be decided by the court if the court finds that there is no dispute concerning the nature and extent of the injured person's injuries or that any such factual dispute is not material to the determination concerning whether the injured person has suffered a serious impairment of body function.

2. Because the trial court did not make the findings of fact required by MCL 500.3135(2)(a); MSA 24.13135(2)(a) concerning either the nature and extent of the plaintiff's injuries or whether the plaintiff suffered a serious impairment of body function, the matter must be remanded to the trial court for such findings. On remand, the trial court, in determining the nature of the plaintiff's

injuries, must make findings concerning whether there is a factual dispute with respect to whether the plaintiff has an objectively manifested impairment and, if so, whether an important body function is impaired. The court, in determining the extent of the plaintiff's injuries, must make findings concerning whether there is a factual dispute with respect to whether any such impairment affects the plaintiff's ability to lead his normal life.

Remanded. Jurisdiction retained.

INSURANCE — NO-FAULT — SERIOUS IMPAIRMENT OF BODY FUNCTION — QUESTIONS OF LAW — FINDINGS OF FACT.

A question whether an injured person has suffered a serious impairment of body function within the meaning of the automobile no-fault act is a question of law to be decided by the court where a court finds that there is no dispute concerning the nature and extent of the injured person's injuries or that any such factual dispute is not material to the determination whether the injured person has suffered a serious impairment of body function; those findings must be set forth by the court on the record; in determining the nature of an injured person's injuries, the court must make findings concerning whether there is a factual dispute with respect to whether the injured person has an objectively manifested impairment and, if so, whether an important body function is impaired; in determining the extent of an injured person's injuries, the court must make findings concerning whether there is a factual dispute with respect to whether any such impairment affects the injured person's ability to lead a normal life (MCL 500.3135[2][a]; MSA 24.13135[2][a]).

*Arner & Banner, P.C.* (by *Timothy D. Arner*), for the plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Jon D. Vander Ploeg*), for the defendant.

Before: McDONALD, P.J., and NEFF and SMOLENSKI, JJ.

SMOLENSKI, J. Plaintiff appeals as of right from an order summarily disposing of his third-party no-fault claim pursuant to MCR 2.116(C)(10). We remand for further proceedings.

Plaintiff suffered injuries when his car was struck by a pickup truck driven by defendant Matthew A.

Sommerfield. Plaintiff contends that the trial court erred in ruling that, although plaintiff suffered an objectively manifested impairment of an important body function, he did not meet the no-fault "threshold" because his impairment does not affect his ability to lead a normal life.

This Court reviews de novo motions for summary disposition. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). Our Supreme Court recently stated the applicable standard of review for a motion brought pursuant to MCR 2.116(C)(10) in *Maiden v Rozwood*, 461 Mich 109, 119-120; 597 NW2d 817 (1999):

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10), (G)(4). *Quinto v Cross & Peters Co*, 451 Mich 358; 547 NW2d 314 (1996).

Here, in granting defendants' motion for summary disposition under MCR 2.116(C)(10), the trial court concluded in its written judgment that plaintiff's injury did not meet the "threshold" requirement of MCL 500.3135; MSA 24.13135. The "threshold" to which the trial court referred is presumably the requirement set forth in MCL 500.3135(1); MSA 24.13135(1) that "[a] person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle

only if the injured person has suffered death, serious impairment of a body function, or permanent serious disfigurement." This statutory threshold is designed to eliminate suits based on clearly minor injuries and those that do not seriously affect the ability of the body to function. See *DiFranco v Pickard*, 427 Mich 32, 60; 398 NW2d 896 (1986). In addition, the trial court indicated at the motion hearing that, although plaintiff suffered from an objectively manifested injury, the injury did not affect his general ability to lead his normal life, stating in pertinent part:

> Well, I think there's been an objective—objectively-manifested injury. I mean, there's no dispute that he was in a serious automobile accident with a severe crash to his car and that he suffered a visible injury to his arm and so forth, which has cleared up, but he complains of pain in that same area. And I think that's enough to find an objectively-manifested injury.
>
> *        *        *
>
> It is incumbent upon the Court to decide whether or not this injury meets the threshold under the statute. And I have no doubt that [plaintiff] suffers a great deal with his arm and that it causes him much aggravation and pain, especially the way that it appears that this accident happened in the first place.
>
> And I don't think that credibility is an issue in this case. It seems to me that [plaintiff] has, in his depositions and so forth, has been very candid, along with the rest of his family.
>
> But it seems to me that the largest issue here is whether or not his objectively-manifested impairment of important body function affects his general ability to lead his normal life. In fact, it hasn't. And he has all of my respect and admiration for his courage to do all these things while he's suffering pain, but he's still living his normal life. He's still

doing all of the things that constituted his normal lifestyle before the accident, even though he's doing them with pain.

And the way the law is written and the way the courts have interpreted it, it doesn't meet the threshold to take this issue to the jury.

And so, I feel compelled to grant [defendant's] motion for summary disposition, reluctant though it may be. . . .

Although plaintiff suffered his injuries in 1994, he did not file suit until 1997. Therefore, the no-fault act amendments enacted as part of 1995 PA 222 apply to his suit.[1] Under these amendments, "serious impairment of body function" is defined as "an objectively manifested impairment of an important body function that affects the person's general ability to lead his or her normal life." MCL 500.3135(7); MSA 24.13135(7). In addition, MCL 500.3135(2)(a); MSA 24.13135(2)(a), as amended, states:

> The issues of whether an injured person has suffered serious impairment of body function or permanent serious disfigurement are questions of law for the court if the court finds either of the following:
>
> (i) There is no factual dispute concerning the nature and extent of the person's injuries.
>
> (ii) There is a factual dispute concerning the nature and extent of the person's injuries, but the dispute is not material to the determination as to whether the person has suffered a serious impairment of body function or permanent serious disfigurement.

On the basis of the record before us, we conclude that the trial court erred in granting defendants' motion for summary disposition without making the findings required under MCL 500.3135(2)(a); MSA

---

[1] MCL 500.3135(2); MSA 24.13135(2).

24.13135(2)(a). Our interpretation of MCL 500.3135(2)(a); MSA 24.13135(2)(a) is a question of first impression for this Court. Statutory interpretation presents a question of law that we review de novo. *Erb Lumber, Inc v Gidley*, 234 Mich App 387, 392; 594 NW2d 81 (1999). "The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature." *Heinz v Chicago Rd Investment Co*, 216 Mich App 289, 295; 549 NW2d 47 (1996). However, if the specific language of the statute is clear and unambiguous, judicial construction is neither required nor permitted, and courts must apply the statute as written. *Erb Lumber, supra* at 392. Given the clear and unambiguous language of MCL 500.3135(2)(a); MSA 24.13135(2)(a), we conclude that a trial court cannot determine whether plaintiff suffered a serious impairment of body function as a matter of law without first making the factual findings required under MCL 500.3135(2)(a)(i) or (ii); MSA 24.13135(2)(a)(i) or (ii).

Here, while the trial court entered judgment in favor of defendants as a matter of law under MCR 2.116(C)(10), it failed to make the factual findings to support its judgment as required by MCL 500.3135(2)(a); MSA 24.13135(2)(a). We cannot decide the merits of plaintiff's appeal absent these required findings. Accordingly, we remand for further proceedings. We instruct the trial court on remand to make findings concerning whether a factual dispute exists with respect to whether plaintiff suffered a "serious impairment of body function," considering "the nature and extent" of plaintiff's injuries consistent with MCL 500.3135(2)(a)(i) or (ii); MSA 24.13135(2)(a)(i) or (ii). In determining the "nature" of plaintiff's injuries, the

trial court should make appropriate findings concerning whether there is a factual dispute with respect to whether plaintiff has an "objectively manifested" impairment and, if so, whether "an important body function" is impaired. In determining the "extent" of plaintiff's injuries, the trial court should make appropriate findings concerning whether there is a factual dispute with respect to whether the impairment affects plaintiff's "general ability to lead his . . . normal life."

Remanded for further proceedings consistent with this opinion. We instruct the trial court to file its findings with this Court within thirty days of the date of this opinion. We retain jurisdiction.