MAY v SOMMERFIELD (AFTER REMAND)

Docket No. 213378. Submitted February 3, 2000, at Grand Rapids. Decided April 18, 2000, at 9:00 A.M.

Dale E. May brought an action in the Charlevoix Circuit Court against Matthew A. and George A. Sommerfield, seeking damages for noneconomic losses for alleged serious impairment of body function caused by the defendants' ownership, maintenance, or use of a motor vehicle. The court, Richard M. Pajtas, J., granted summary disposition for the defendants, ruling that the plaintiff's injuries did not meet the threshold requirement of the no-fault act, MCL 500.3135; MSA 24.13135. The Court of Appeals, McDonald, P.J., and Neff and Smolenski, JJ., remanded the case to the trial court, instructing the trial court to determine whether a factual dispute existed concerning the nature and extent of the plaintiff's injuries and, if so, whether the dispute was material such that the trial court, pursuant to subsection 3135(2)(a), could not determine as a matter of law whether the plantiff has suffered serious impairment of body function. 239 Mich App 197 (1999). On remand, the trial court found no objective manifestation of injury and concluded that even if it were to find an injury, any impairment of body function would not be serious, given the undisputed fact that the impairment did not affect the plaintiff's ability to lead his normal life.

After remand, the Court of Appeals *held*:

The trial court properly compared the plaintiff's lifestyle before and after the accident in determining that there was no factual dispute with respect to the extent of the plaintiff's injuries.

Affirmed.

*Arner & Banner, P.C.* (by *T. D. Arner*), for the plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Jon D. Vander Ploeg*), for the defendants.

AFTER REMAND

Before: McDONALD, P.J., and NEFF and SMOLENSKI, JJ.

PER CURIAM. Plaintiff appealed as of right from an order summarily disposing of his third-party no-fault claim pursuant to MCR 2.116(C)(10). In its written judgment, the trial court found that plaintiff's injury did not meet the no-fault "threshold" requirement.[1] On appeal, plaintiff contended that the trial court erred in dismissing his claim. We concluded that the trial court erred in granting defendant's motion for summary disposition without making the findings required under MCL 500.3135(2)(a); MSA 24.13135(2)(a), which provides in pertinent part that the issue whether an injured person has suffered serious impairment of body function is a question of law for the court if the court finds that "[t]here is no factual dispute concerning the nature and extent of the person's injuries." We remanded this case to the trial court, instructing the court to make appropriate findings concerning whether there is a factual dispute with respect to whether plaintiff's impairment affects his "general ability to lead his . . . normal life." *May v Sommerfield*, 239 Mich App 197, 202-203; 607 NW2d 422 (1999); MCL 500.3135(1); MSA 24.13135(1), MCL 500.3135(2)(a); MSA 24.13135(2)(a), MCL 500.3135(7); MSA 24.13135(7).

In its written findings after remand, the trial court admittedly changed its original finding that plaintiff

---

[1] See MCL 500.3135(1); MSA 24.13135(1) ("[a] person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered . . . serious impairment of body function . . .").

suffered an objectively manifested impairment of an important body function, stating that "[t]here is no objective manifestation of the injury the plaintiff now complains of aside from his subjective complaint of pain." Nonetheless, the court concluded that even if it had found that plaintiff had such an objectively manifested injury, "it would have found that there is no genuine issue of material factual dispute that the impairment does not affect plaintiff's 'general ability to lead his . . . normal life.'" The plain language of MCL 500.3135(7); MSA 24.13135(7) defines a serious impairment of body function in subjective terms, i.e., as an impairment that "affects the person's general ability to lead his or her normal life." The trial court properly compared plaintiff's lifestyle before and after the accident in determining whether a factual dispute existed with respect to the extent of plaintiff's injuries.

Affirmed.