MILLER v PURCELL

Docket No. 221473. Submitted May 9, 2001, at Lansing. Decided June 1, 2001, at 9:05 A.M.

Virginia Miller brought an action in the Saginaw Circuit Court against Deanne Purcell, seeking damages for injuries sustained as a result of an automobile accident involving the defendant. The court, Lynda L. Heathscott, J., denied summary disposition for the defendant, ruling that factual issues existed with respect to whether the plaintiff sustained serious impairment of body function so as to subject the defendant to tort liability for noneconomic loss under subsection 3135(1) of the no-fault act, MCL 500.3135(1). The defendant appealed by leave granted.

The Court of Appeals *held*:

Under subsection 3135(2) of the no-fault act, MCL 500.3135(2), the issue whether a person has suffered serious impairment of body function is a question of law to be determined by the court absent a genuine factual dispute that is outcome determinative. Serious impairment of body function means an objectively manifested impairment of an important body function that affects the person's general ability to lead a normal life. In determining whether the impairment of a body function is serious, the court should consider, among other things, the extent of the injury, the treatment required, the duration of disability, the extent of residual impairment, and the prognosis for eventual recovery.

In this case, the trial court erred in not granting summary disposition for the defendant. Assuming that the plaintiff's injury is objectively manifested, the plaintiff has not suffered a serious impairment of body function because her general ability to lead a normal life has not been altered by her injury. During her deposition, the plaintiff admitted that after the accident she was able to perform all the activities she performed before the accident. It appears from the record that the plaintiff's injury was minor, that she did not have to undergo a significant amount of medical treatment, and that her prognosis for recovery is favorable.

Reversed.

1. Insurance — No-Fault — Serious Impairment of Body Function — Permanent Serious Disfigurement — Questions of Law.

The issue whether a person has sustained serious impairment of body function or permanent serious disfigurement so as to be able to

recover under the no-fault act noneconomic damages for injury is a question of law for the court absent a genuine factual dispute that is outcome determinative (MCL 500.3135[2]).

2. INSURANCE — NO-FAULT — SERIOUS IMPAIRMENT OF BODY FUNCTION — QUESTIONS OF LAW.

   A court deciding whether impairment of a body function is serious for purposes of the no-fault act should consider the extent of the injury, the treatment required, the duration of disability, the extent of residual impairment, and the prognosis for eventual recovery (MCL 500.3135[2], [7]).

*Hauffe & Hauffe, P.C.* (by *Kurt P. Hauffe*), for the plaintiff.

*Smith, Bovill, Fisher, Meyer & Borchard, P.C.* (by *James F. Troester*), for the defendant.

Before: HOLBROOK, JR., P.J., and HOOD and GRIFFIN, JJ.

PER CURIAM. Defendant appeals by leave granted from an order of the trial court denying her motion for summary disposition under MCR 2.116(C)(10). We reverse.

This appeal arises from plaintiff's claim against defendant following an automobile accident at a Saginaw intersection. The complaint alleged that plaintiff suffered injuries to her neck, arms, and back as a result of the accident, and that these injuries amounted to a serious impairment of body function within the meaning of § 3135 of the no-fault act. MCL 500.3135. Defendant moved for summary disposition under MCR 2.116(C)(10), arguing that plaintiff failed to meet the tort threshold of MCL 500.3135. The trial court denied defendant's motion, ruling that factual issues existed with respect to the nature and extent of plaintiff's injuries.

We review a grant or denial of summary disposition de novo. *Churchman v Rickerson*, 240 Mich App 223, 227; 611 NW2d 333 (2000). When reviewing a motion for summary disposition under MCR 2.116(C)(10), we review the affidavits, pleadings, depositions, admissions, and documentary evidence submitted by the parties in a light most favorable to the nonmoving party. *Stevenson v Reese*, 239 Mich App 513, 516; 609 NW2d 195 (2000). The motion should be granted if the affidavits or other documentary evidence demonstrate that there is no genuine issue with respect to any material fact, and the moving party is entitled to judgment as a matter of law. *Id.*

After reviewing the record evidence in the light most favorable to plaintiff, we conclude that the trial court erred in denying defendant's motion for summary disposition. MCL 500.3135(1) provides:

> A person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, *serious impairment of body function,* or permanent serious disfigurement. [Emphasis supplied.]

Because plaintiff initiated this suit in 1998, the no-fault act amendments enacted as part of 1995 PA 222 apply to her suit. *May v Sommerfield*, 239 Mich App 197, 201; 607 NW2d 422 (1999). The Legislature amended MCL 500.3135(2)(a)(i) and (ii), to read:

> (a) The issues of whether an injured person has suffered serious impairment of body function or permanent serious disfigurement are questions of law for the court if the court finds either of the following:
>
> (i) There is no factual dispute concerning the nature and extent of the person's injuries.

(ii) There is a factual dispute concerning the nature and extent of the person's injuries, but the dispute is not material to the determination as to whether the person has suffered a serious impairment of body function or permanent serious disfigurement. . . .

As this Court has observed, by enacting these amendments of the no-fault act, the Legislature returned the determination of threshold injury to the trial court. *Kern v Blethen-Coluni*, 240 Mich App 333, 339; 612 NW2d 838 (2000). Before the statutory amendments, the question whether a plaintiff suffered the serious impairment of a body function had been reserved to the trier of fact whenever the evidence would cause reasonable minds to differ regarding the answer. *Id.* As a result of the legislative amendments, the issue whether plaintiff suffered a serious impairment of body function should be submitted to the jury only when the trial court determines that an "outcome-determinative genuine factual dispute" exists. *Id.* at 341.

In *May, supra*, this Court set forth a framework for trial courts to follow when considering if factual disputes exist with regard to the "nature and extent" of the plaintiff's injuries:

In determining the "nature" of plaintiff's injuries, the trial court should make appropriate findings concerning whether there is a factual dispute with respect to whether plaintiff has an "objectively manifested" impairment and, if so, whether "an important body function" is impaired. In determining the "extent" of plaintiff's injuries, the trial court should make appropriate findings concerning whether there is a factual dispute with respect to whether the impairment affects plaintiff's "general ability to lead his [or her] . . . normal life." [*Id.* at 203.]

In the present case, the trial court concluded that factual issues existed that precluded it from deciding whether plaintiff suffered a serious impairment of body function as a matter of law. We disagree. Our review of the record satisfies us that an outcome-determinative factual dispute does not exist with regard to the nature and extent of plaintiff's injury. Therefore, the trial court was required to rule whether plaintiff suffered a "serious impairment of body function." MCL 500.3135(2)(a)(i) and (ii).

It appears from the record that the trial court concluded that plaintiff's complaints of pain in her day-to-day activities may elevate her injury to a serious impairment of body function. Because this determination involves a question of law, our review is de novo. *Kern, supra* at 342.

MCL 500.3135(7), as amended, defines serious impairment of body function in the following terms: " 'serious impairment of body function' means an objectively manifested impairment of an important body function that affects the person's general ability to lead his or her normal life."

In *Kern, supra* at 341, this Court set forth a "non-exhaustive" list of factors to consider when determining whether the impairment of an important body function is *serious* within the meaning of MCL 500.3135(7). These include the extent of the injury, the treatment required, the duration of disability, the extent of residual impairment, and the prognosis for eventual recovery. In *Kern, supra* at 342, the Court also observed that the Legislature's amendment of MCL 500.3135 reflected a return to the standard first articulated in *Cassidy v McGovern*, 415 Mich 483, 505;

330 NW2d 22 (1982), in which our Supreme Court opined:

> Another significant aspect of the phrase "serious impairment of body function" is that it demonstrates the legislative intent to predicate recovery for noneconomic loss on objectively manifested injuries. Recovery for pain and suffering is not predicated on serious pain and suffering, but on injuries that affect the functioning of the body.

The record indicates that plaintiff suffered an acromioclavicular separation, as well as mild tendonitis.[1] Plaintiff initially underwent physical therapy after the accident to alleviate her pain; however, the record indicates that she ceased this treatment and visited an orthopedic surgeon. According to the record, at the time of deposition plaintiff was taking prescription pain medication daily.

However, assuming that plaintiff's injury is objectively manifested, we are satisfied that plaintiff has not suffered a serious impairment of body function because her general ability to lead her normal life has not been altered by her injury. During her deposition, plaintiff admitted that she was able to perform all the same activities that she did before the accident. Specifically, plaintiff has been able to work forty hours a week since the accident[2] and is able to perform

---

[1] Plaintiff has improperly attempted to expand the scope of the record by appending to her brief on appeal a copy of a magnetic resonance imaging (MRI) that indicates she may suffer from spinal problems. Because this evidence is improperly before this Court, we decline to review it. MCR 7.210(A)(1); *Krohn v Sedgwick James of Michigan, Inc*, 244 Mich App 289, 297, n 4; 624 NW2d 212 (2001); *Harkins v Dep't of Natural Resources*, 206 Mich App 317, 321-322; 520 NW2d 653 (1994).

[2] The automobile accident at issue occurred on Saturday, August 9, 1997, at approximately 5:30 P.M. Plaintiff, who is an account clerk for the Saginaw County Register of Deeds, worked a full day on Monday, August

household tasks. Plaintiff has not demonstrated that any aspect of her day-to-day activities has been curtailed as a result of her injury. Furthermore, it appears from the record that plaintiff's injury was minor, she did not have to undergo a significant amount of medical treatment, and there is no indication that her prognosis for recovery is anything but favorable.

Plaintiff points to her inability to knit and having to type one-handed at times as evidence of a serious impairment of body function. While we sympathize with plaintiff, the record is clear that her general ability to lead her normal life has not been significantly altered by her injury. *Burk v Warren (After Remand)*, 137 Mich App 715; 359 NW2d 541 (1984), and cases cited therein.

Because plaintiff failed to meet the threshold of § 3135, we hold that the trial court erred in not granting summary disposition in favor of defendant.

Reversed.

---

11, 1997, and has missed no time from work since the accident other than for doctor appointments.