KREINER v FISCHER

Docket No. 225640. Submitted April 11, 2002, at Detroit. Decided May 31, 2002, at 9:15 A.M. Leave to appeal sought.

Richard A. Kreiner brought an action in the Lapeer Circuit Court against Robert O. Fischer, seeking noneconomic damages for an alleged serious impairment of body function sustained in an automobile accident. The court, Nick O. Holowka, J., granted summary disposition for the defendant. The plaintiff appealed.

The Court of Appeals *held*:

Under subsection 3135(1) of the no-fault act, MCL 500.3135(1), a plaintiff may recover noneconomic losses only if the plaintiff has suffered death, serious impairment of body function, or permanent serious disfigurement. Subsection 3135(2), MCL 500.3135(2), provides that the issue whether an individual has suffered serious impairment of body function is a question of law for the trial court to decide if the court finds either that there is no factual dispute concerning the nature and extent of the person's injuries or that there is a factual dispute concerning the nature and extent of the injuries, but the dispute is not material to the determination whether the person has suffered a serious impairment of body function. Subsection 3135(7), MCL 500.3135(7), defines "serious impairment of body function" to mean an objectively manifested impairment of an important body function that affects the person's general ability to lead the person's normal life.

In this case, the trial court did not err in ruling that the plaintiff had suffered an objectively manifested impairment of an important body function on the basis of the uncontradicted evidence relating to the plaintiff's injuries. However, the trial court erred in ruling that the impairment of body function was not serious enough to impinge on the plaintiff's ability to lead a normal life despite the plaintiff's testimony that the impairment had curtailed his work as a carpenter and had prevented him from lifting more than eighty pounds and from participating in certain types of recreational hunting.

This matter must be remanded for a determination by the trial court whether there are material issues of fact regarding the plaintiff's claims relative to the effect of the injury on his ability to work. In doing so, the trial court shall consider the admissibility of the videotape offered by the defendant. If the trial court finds that there are no material factual disputes regarding the plaintiff's

claimed limitations, the trial court must grant summary disposition for the plaintiff. If the trial court determines that there are factual disputes regarding the plaintiff's claimed limitations, then the matter must be submitted to the jury.

Reversed and remanded.

1. INSURANCE — NO-FAULT — SERIOUS IMPAIRMENT OF BODY FUNCTION — QUESTION OF LAW.

Whether a plaintiff has sustained a serious impairment of body function so as to be able to recover noneconomic damages under the no-fault act is a question of law for the trial court to decide where the court finds either that there is no factual dispute concerning the nature and extent of the plaintiff's injuries or that there is a factual dispute concerning the nature and extent of the injuries, but the dispute is not material to the determination whether the plaintiff has sustained a serious impairment of body function (MCL 500.3135[2][a]).

2. INSURANCE — NO-FAULT — SERIOUS IMPAIRMENT OF BODY FUNCTION.

An impairment of body function satisfies the threshold for recovery of noneconomic damages under the no-fault act where the impairment is objectively manifested, is of an important body function, and affects the person's general ability to lead his or her normal life (MCL 500.3135[7]).

*Cochran, Foley & Associates, P.C.* (by *Terry L. Cochran*) and *Sinas, Dramis, Brake, Boughton & McIntyre, P.C.* (by *George T. Sinas*), for the plaintiff.

*Garan, Lucow & Miller, P.C.* (by *Clare M. Cylkowski, William J. Brickley,* and *Daniel S. Saylor*), for the defendant.

Before: WHITE, P.J., and MURPHY and FITZGERALD, JJ.

MURPHY, J. This case involves the injury threshold in a no-fault action for noneconomic damages. Plaintiff appeals as of right the order granting defendant's motion for summary disposition. We reverse the order granting summary disposition and remand for further proceedings.

Under the no-fault act, a plaintiff may recover noneconomic losses only if the plaintiff has suffered

"death, serious impairment of body function, or permanent serious disfigurement." MCL 500.3135(1).

Pursuant to MCL 500.3135(2)(a), the issue whether an individual has suffered serious impairment of body function is a question of law for the trial court to decide if the court finds either of the following:

(i) There is no factual dispute concerning the nature and extent of the person's injuries.

(ii) There is a factual dispute concerning the nature and extent of the person's injuries, but the dispute is not material to the determination as to whether the person has suffered a serious impairment of body function or permanent serious disfigurement.

Issues of law, as well as rulings on motions for summary disposition, are reviewed by this Court de novo. *Armstrong v Ypsilanti Charter Twp*, 248 Mich App 573, 582-583; 640 NW2d 321 (2001).

We read MCL 500.3135(2) as requiring a trial court to determine, as a matter of law, whether a plaintiff has suffered serious impairment of body function where there is no factual dispute, or where the facts are in dispute, but the disputed facts are not outcome-determinative with respect to a proper resolution of determining serious impairment. *Kern v Blethen-Coluni*, 240 Mich App 333, 341-342; 612 NW2d 838 (2000). Because MCL 500.3135(2) is not all encompassing, the Legislature apparently intended that in limited circumstances, a jury would resolve material or outcome-determinative factual disputes, and in so doing, would determine whether a plaintiff suffered a serious impairment of body function.[1] See *Kern, supra* at 341-344.

---

[1] The *Kern* panel stated that "[a]bsent an outcome-determinative genuine factual dispute, the issue of threshold injury is now a question of law for the court." *Kern, supra* at 341. In *Kern, id.* at 343-344, this Court

MCL 500.3135(7) provides: "As used in this section, 'serious impairment of body function' means an objectively manifested impairment of an important body function that affects the person's general ability to lead his or her normal life."

Questions regarding statutory interpretation are reviewed de novo. *In re MCI Telecommunications Complaint*, 460 Mich 396, 413; 596 NW2d 164 (1999). Recently our Supreme Court in *Roberts v Mecosta Co General Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002), reaffirmed the following rules concerning statutory interpretation:

> An anchoring rule of jurisprudence, and the foremost rule of statutory construction, is that courts are to effect the intent of the Legislature. *People v Wager*, 460 Mich 118, 123, n 7; 594 NW2d 487 (1999). To do so, we begin with an examination of the language of the statute. *Wickens v Oakwood Healthcare System*, 465 Mich 53, 60; 631 NW2d 686 (2001). If the statute's language is clear and unambiguous, then we assume that the Legislature intended its plain meaning and the statute is enforced as written. *People v Stone*, 463 Mich 558, 562; 621 NW2d 702 (2001). A necessary corollary of these principles is that a court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself. *Omne Financial, Inc v Shacks, Inc*, 460 Mich 305, 311; 596 NW2d 591 (1999).

The statutory definition of serious impairment in MCL 500.3135(7) can be broken down into three requirements that must be established in order to find

---

rejected the defendant's assertion that the trial court correctly submitted the threshold determination to the jury because issues of material fact existed. This Court did not simply dispose of the issue on the basis that MCL 500.3135 no longer allowed a jury to determine serious impairment of a body function, but it instead ruled that there was no genuine issue of fact to be decided. *Kern, supra* at 343-344. On the basis of *Kern* and the plain language of MCL 500.3135(2), we can only conclude that a jury will become involved in situations where there is a material factual dispute.

a serious impairment of body function. First, there must be an objectively manifested impairment. Second, the impairment must be of an important body function. Third, the impairment must affect a person's general ability to lead his or her normal life.

The facts not being contested for purposes of determining serious impairment of body function indicate that following the motor vehicle accident, plaintiff complained of lower back, right hip, and right leg pain. Objective medical tests of plaintiff's back indicated that plaintiff had radiculopathy, or a malfunction, of the L4 nerve root, grade one to grade two spondylolysis (arthritic like changes) between the L5 and S1 locations, degenerative disc disease, and facet degenerative changes.[2] Plaintiff's doctor also found, on examination, sciatic nerve irritation in plaintiff's right leg. The doctor noted that plaintiff had tenderness and stiffness in the lumbar region. The doctor further indicated that the L4 radiculopathy could possibly heal, but the degeneration of plaintiff's spine is permanent.[3] A number of treatments were attempted, but plaintiff did not respond to physical therapy, he did not respond to nerve block injections, and he did not respond to pain medication. Plaintiff's doctor advised plaintiff to avoid lifting anything over fifteen pounds and to avoid unnecessary bending and twisting. Plaintiff had worked as a carpenter for about twelve years, doing "mostly remodeling, decks, a little bit of everything; roofing, siding stuff like that."

---

[2] Plaintiff's doctor testified that one of the most common causes for degeneration in the discs is trauma, especially in young people because degeneration typically begins at age sixty or seventy. Plaintiff was thirty-four years old at the time of the accident.

[3] Plaintiff's doctor stated that the L4 radiculopathy can be permanent, or it can be repaired, "because we're talking about irritation to a nerve and irritation could be caused from direct or a blunt trauma to the nerve root at the time of the accident."

The trial court found that plaintiff's injuries were objectively manifested on the basis of the medical examinations and tests, and that the impairment involved an important body function, thereby satisfying the first two prongs of the statutory definition of serious impairment of body function. We agree with the trial court that plaintiff established an objectively manifested impairment of an important body function on the basis of the uncontested medical evidence presented by plaintiff.[4] However, the trial court ruled that as a matter of law the impairment was not "serious enough" to impinge on plaintiff's ability to lead a normal life. This was error. The third prong of the statutory definition explicitly requires only that the impairment "affect[] the person's general ability to lead his or her normal life."[5] MCL 500.3135(7) does not require any additional proof. It would be improper for us to read any more requirements, limitations, or language into the unambiguous statutory definition. *Roberts, supra* at 63.

The plaintiff's deposition testimony indicated that, after the accident, he continued to work as a carpenter, which forced him to perform some tasks that were painful, and the pain limited his time to work on a project. Plaintiff stated that he could no longer work eight hours a day but rather is limited to six hours a day, that he can no longer do roofing work,

---

[4] The movement of one's back is an important body function. *Shaw v Martin*, 155 Mich App 89, 96; 399 NW2d 450 (1986). The objective manifestations of a back injury can be established through x-rays indicating an abnormal spine. *Sherrell v Bugaski*, 140 Mich App 708, 711; 364 NW2d 684 (1984). Here, a magnetic resonance imaging (MRI) examination and an electromyography (EMG) showed the degeneration in the discs and radiculopathy. Plaintiff's doctor testified that these are objective tests.

[5] The trial court also erred in determining that this factor is objective because the factor is clearly to be determined in subjective terms. *May v Sommerfield (After Remand)*, 240 Mich App 504, 506; 617 NW2d 920 (2000).

that he can only do ladder work for twenty minutes at a time, that he cannot lift more than eighty pounds, that he cannot walk more than one-half mile, and that he can no longer participate in certain types of recreational hunting.

If these facts were not in dispute, we would find that they satisfy the third prong of the statutory definition, and plaintiff would be entitled to summary disposition on the issue whether he suffered a serious impairment of body function pursuant to MCL 500.3135(2)(a)(i), contrary to the trial court's ruling.[6]

For purposes of clarity on remand, we provide the following direction to the trial court. The court shall determine whether there are material issues of fact regarding plaintiff's claims relative to the effect of the injury on his ability to work. In doing so, the court shall consider the admissibility of the videotape offered by defendant. If the court determines that there are no material factual disputes regarding plaintiff's claimed limitations, then the court shall grant summary disposition to plaintiff on the threshold issue of serious impairment of body function. If the court determines that there are factual disputes regarding plaintiff's claimed limitations, then the matter shall be submitted to the jury.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

---

[6] Plaintiff's normal life consisted of, in large part, working as a carpenter. Plaintiff's employment was not an insignificant and occasional event in his life but was instead a part of his normal routine. If plaintiff's testimony is true, the impairment "affected" his general ability to lead his normal life by limiting his activities as a carpenter. Plaintiff's ability to work a full eight-hour day was reduced by twenty-five percent, and he testified he could no longer accept roofing jobs. Plaintiff was allegedly further limited in performing his job by weight and movement restrictions.