*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BARBARA MARKS,

       Plaintiff-Appellee,

v

CITY OF DETROIT,

       Defendant-Appellant.

UNPUBLISHED
August 20, 2019

No. 343966
Wayne Circuit Court
LC No. 17-009443-NI

Before: SHAPIRO, P.J., and GLEICHER and SWARTZLE, JJ.

PER CURIAM.

Barbara Marks fell while attempting to board a city of Detroit bus. She does not know why she fell and cannot identify any part of the bus that may have caused or contributed to her fall. Marks alleges that the bus driver inflicted another injury when he grabbed her under her arm, pulled her up, and dragged her to a seat. Her complaint states negligence claims and seeks personal injury protection (PIP) benefits. Marks named only the city as a defendant.

The city conceded that it likely bore responsibility for some of Marks's first-party no-fault benefits, but moved for partial summary disposition of Marks's tort claim on governmental immunity grounds. The trial court denied the motion. We reverse for three reasons. First, Marks has failed to establish that the city was negligent. Second, Marks did not sue the bus driver individually, and the city is not liable for his acts. Third, Marks presented no evidence in support of her claim for excess economic and noneconomic damages. While Marks may be entitled to PIP benefits for injuries she sustained in alighting the bus, she is not entitled to benefits for injuries allegedly caused by the driver's efforts at assistance.

I

Marks testified at her deposition that she attempted to board a city of Detroit bus by gripping a railing next to the single metal stair leading to the main seating area. As she stepped up and onto the stair, her left foot got caught on something. She did not see anything on the step, and does not know what snagged her foot. Marks fell forward, injuring her left knee and both hands. Pressed for more details, Marks declared, "I cannot walk you through it. I cannot even

-1-

entertain what could have possibly happened. I was holding on to the bar and I tried to lift my left leg up and it did not come up with me . . . I know I was actually just falling on the bus."

The bus driver got out of his seat and "grabbed" Marks by her right arm, pulled her to her feet, and "swiveled" her into a nearby seat. Marks believes that her left knee and left leg were injured in the fall, and that the driver's effort at pulling her up injured her right arm and shoulder. She sought medical care the next day.

Marks's complaint alleges that the city negligently maintained and operated the bus and that the city bears responsibility for payment of Marks's PIP and excess work loss benefits. After several months of discovery, the city moved for partial summary disposition under MCR 2.116(C)(7) and (C)(10), invoking the Governmental Tort Liability Act, MCL 691.1401 *et seq*. Marks responded that "injuries sustained during the loading and unloading of a bus . . . fall[] under the 'operation' of a vehicle exception of MCL 691.1405." She further alleged that the city was liable for injuries caused by the bus driver's conduct, and contended that the city's bus service constituted a proprietary rather than a governmental function.

The trial court denied the city's motion, ruling that the bus system was proprietary because riders were charged a fare, and that injuries sustained in loading and unloading a bus are subject to the motor vehicle exception to governmental immunity. The city appeals as of right.

II

We begin by considering the city's noneconomic liability for Marks's injuries and the city's claim of governmental immunity. We review de novo a circuit court's summary disposition ruling. *Allen v Bloomfield Hills Sch Dist*, 281 Mich App 49, 52; 760 NW2d 811 (2008). A motion brought under MCR 2.116(C)(10) should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Miller v Purcell*, 246 Mich App 244, 246; 631 NW2d 760 (2001).

Marks's claims against the city sound in negligence. Evidence that a defendant breached a standard of care is central to every negligence claim. "Negligence . . . consists in a want of that reasonable care which would be exercised by a person of ordinary prudence under all the existing circumstances, in view of the probable danger of injury." *Detroit & Milwaukee R Co v Van Steinburg*, 17 Mich 99, 118-119 (1868). Marks does not know why she fell. Although she asserts that her foot caught on something, she is unable to identify any part of the bus or the step that may have been responsible for her fall. No facts of record even hint that the city neglected to maintain the bus or the step, or otherwise failed to exercise reasonable care. Because Marks failed to raise a question of fact supporting that the step or the bus were dangerous, defective, or poorly maintained, or that the bus was operated in a negligent manner, the city was entitled to summary disposition of all Marks's negligence claims.[1]

---

[1] Marks insists that governmental immunity principles do not apply in this case because the city's operation of the bus constitutes a proprietary rather than a governmental function. Even

## III

We next address Marks's claims related to the negligence or gross negligence of the driver, whose identity is not revealed in the record. Marks did not sue the driver. Therefore, her ability to maintain a cause of action arising from his conduct depends on whether the city may be held liable for his action of forcibly raising her to her feet and moving her to her seat. "The 'motor vehicle' exception in [MCL 691.1405] is the only instance where a governmental agency is explicitly held vicariously liable for the negligent actions of its officers, employees, and agents." *Ross v Consumers Power Co*, 420 Mich 567, 622; 363 NW2d 641 (1984). The driver's acts in this case do not fall within the motor vehicle exception to governmental immunity, MCL 691.1405, as the driver was not operating the bus at the time.

Marks's claim that the city may be held liable under MCL 691.1407(2) is equally unavailing. Section 2 establishes the circumstances under which a governmental employee may bear *individual* liability for his or her tortious acts. But Marks has not sued the individual governmental employee she accuses of negligence. And although a municipality is not immune for tortious actions that arise from the performance of a proprietary function, MCL 691.1413, this section does not create vicarious liability, either. Rather, the statute speaks only to the direct entity liability of the governmental agency itself:

> The immunity of the governmental agency shall not apply to actions to recover for bodily injury or property damage arising out of the performance of a proprietary function as defined in this section. Proprietary function shall mean any activity which is conducted primarily for the purpose of producing a pecuniary profit for the governmental agency, excluding, however, any activity normally supported by taxes or fees.

Our Supreme Court has explained that this language reflects a legislative determination "that a municipality should not be allowed to escape liability for its negligence when participating in a proprietary function." *Coleman v Kootsillas*, 456 Mich 615, 623; 575 NW2d 527 (1998).[2]

---

were we to accept this allegation as true, it would make no difference. Whether the city's operation of the bus was proprietary or governmental, no evidence supports that the city was negligent.

[2] We note that Marks failed to present any evidence that the city's bus service is a profit-generating enterprise. Marks contends that the city bore the burden of producing evidence that the bus system served a governmental function when it filed its motion for summary disposition under MCR 2.116(C)(7). Marks's complaint does not allege that the city's bus system was proprietary in nature. Therefore, the city was under no obligation to produce evidence demonstrating that the bus system constituted a governmental function. "Unlike a motion under subsection (C)(10), a movant under MCR 2.116(C)(7) is not required to file supportive material, and the opposing party need not reply with supportive material. The contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). Because Marks did not plead in

Therefore, the city was entitled to summary disposition of all claims related to the driver's negligence or gross negligence.

## IV

The city's motion for partial summary disposition asserted that Marks could not establish an excess wage loss claim under MCL 500.3135(3)(c), as she had not been employed since 2011. Marks failed to present any evidence to the contrary. Therefore, summary disposition should have been granted as to this claim as well.

## V

The city concedes that it may be liable for PIP benefits arising from Marks's fall, but contests PIP liability related to the driver's actions. The parties agree that the city is responsible for paying PIP benefits "arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle," MCL 500.3105(1), because she suffered an injury while "entering into" the bus. See MCL 500.3106(2)(b). But Marks is not eligible for PIP benefits for the injuries sustained as a result of the bus driver's conduct, as her injury did not arise from the operation, maintenance or use of a motor vehicle as a motor vehicle. "[W]hether an injury arises out of the use of a motor vehicle 'as a motor vehicle' . . . turns on whether the injury is closely related to the transportational function of motor vehicles." *Morosini v Citizens Ins Co of America*, 461 Mich 303, 309; 602 NW2d 828 (1999) (quotation marks and citations omitted). Marks claims to have sustained an arm injury when the bus driver pulled her to her feet. Nothing in the record supports the notion that this injury resulted from the "transportational" function of the bus. The bus "was at best the situs of the injury, which is not a sufficient condition to establish the requisite causal connection between the injury and the vehicle." *Bourne v Farmers Ins Exch*, 449 Mich 193, 201; 534 NW2d 491 (1995). Accordingly, Marks is not eligible to receive PIP benefits for injuries resulting from the bus driver's actions.

Marks alternatively argues that she is entitled to PIP benefits under MCL 500.3106(1)(b), which provides that PIP benefits may be obtained for accidental injuries sustained as a result of "physical contact with equipment permanently mounted on [a] vehicle." To prevail under MCL 500.3106(1)(b), Marks must show that she fell after making contact with a piece of equipment permanently mounted on the bus. Equipment mounted on the vehicle may include "the articles, implements, etc., used or needed for a specific purpose or activity . . . ." *Frazier v Allstate Ins Co*, 490 Mich 381, 385; 808 NW2d 450 (2011) (quotation marks and citation omitted). Marks was not able to identify any specific piece of equipment that could have caused her fall. Accordingly, MCL 500.3106(1)(b) does not provide an independent ground for an award of PIP benefits. Although Marks is entitled to PIP benefits for the injuries related to her fall, she is not entitled to benefits for her arm injury caused by the driver's acts, as that injury did not arise out of the use of a motor vehicle as a motor vehicle.

---

avoidance of immunity, she was obligated to come forward with evidence negating the city's immunity when the city filed its summary disposition motion under MCR 2.116(C)(7).

We reverse and remand for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher
/s/ Brock A. Swartzle