STEVENSON v REESE

Docket No. 212812. Submitted September 23, 1999, at Detroit. Decided January 28, 2000, at 9:00 A.M.

Anita V. Stevenson brought an action in the Wayne Circuit Court against Vivian Reese, alleging and seeking damages for serious impairments of body functions and permanent and serious disfigurements resulting from an automobile accident in which the defendant's vehicle struck the plaintiff's vehicle after the defendant failed to yield the right of way. The defendant moved for summary disposition, arguing that the plaintiff, at the time of the accident, was not insured as required by § 3101 of the no-fault act, MCL 500.3101; MSA 24.13101, and was therefore barred by § 3135(2)(c), MCL 500.13135(2)(c); MSA 24.13135(2)(c), from seeking noneconomic damages for death, serious impairment of body function, or permanent and serious disfigurement. The court, Susan Bieke Neilson, J., granted the motion. The plaintiff appealed, claiming that § 3135(2)(c) violates the equal protection and due process guarantees of Const 1963, art 1, §§ 2 and 17.

The Court of Appeals *held*:

1. Section 3135(2)(c) does not violate equal protection. The preclusion of uninsured motorists' recovery of noneconomic damages is rationally related to the legitimate governmental interest of maintaining a fair, affordable system of automobile insurance. Section 3135(2)(c) was intended to correct the injustice of allowing drivers who do not contribute to the no-fault system to recover damages from persons who do contribute to the system, and to provide an incentive for uninsured motorists to comply with the requirement that they maintain no-fault automobile insurance.

2. Section 3135(2)(c) does not violate due process. Section 3135(2)(c) is reasonably related to the legislative objectives of promoting fairness within the no-fault insurance system, reducing or restraining insurance premiums, and providing an incentive to comply with the insurance requirement of the no-fault act.

Affirmed.

INSURANCE — NO-FAULT — NONECONOMIC DAMAGES — UNINSURED MOTORISTS.

The preclusion in the no-fault act of recovery by uninsured motorists of noneconomic damages for death, serious impairment of body

function, or permanent and serious disfigurement is rationally related to the legitimate governmental interest of maintaining a fair, affordable system of automobile insurance and therefore does not violate the equal protection guarantee of the state constitution; the preclusion is reasonably related to the legislative objectives of promoting fairness within the no-fault insurance system, reducing or restraining insurance premiums, and providing an incentive to comply with the insurance requirement of the act and therefore does not violate the due process guarantee of the state constitution (Const 1963, art 1, §§ 2, 17; MCL 500.3135[2][c]; MSA 24.13135[2][c]).

*DeNardis, McCandless & Muller, P.C.* (by *William McCandless* and *Michael G. Latiff*), for the plaintiff.

*Schellhase, Rekiel & Mitcham* (by *Scott W. Rooney*), for the defendant.

Before: DOCTOROFF, P.J., and HOLBROOK, JR. and KELLY, JJ.

PER CURIAM. Plaintiff Anita V. Stevenson[1] appeals as of right from the trial court's order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(5) and (10) and dismissing her negligence claim under § 3135 of Michigan's no-fault act, MCL 500.3135(2)(c); MSA 24.13135(2)(c), which precludes uninsured motorists' recovery of noneconomic damages under the act.[2] We affirm.

---

[1] Plaintiff Yarnell M. Stevenson's claim was dismissed below and is not at issue on this appeal.

[2] MCL 500.3135; MSA 24.13135 provides, in pertinent part:

(1) A person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement.

(2) For a cause of action for damages pursuant to subsection (1) filed on or after 120 days after the effective date of this subsection, all of the following apply:

Plaintiff was driving her vehicle through an intersection when it was struck by a vehicle driven by defendant. Plaintiff's vehicle was not insured at the time of the collision. A police officer arrived at the scene and issued a citation to defendant for failing to yield the right of way. Plaintiff was transported to the hospital by an ambulance. She was treated in the emergency room for a minor abrasion to her hand, a minor laceration to her tongue, and hip pain.

Plaintiff thereafter filed the present action, alleging that defendant's negligent operation of her vehicle caused injuries to plaintiff that amounted to serious impairments of body functions and permanent and serious disfigurements. Defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(5) and (10), arguing that plaintiff's lawsuit was precluded by MCL 500.3135(2)(c); MSA 24.13135(2)(c) because plaintiff was not insured at the time of the accident. In response, plaintiff asserted that MCL 500.3135(2)(c); MSA 24.13135(2)(c) was unconstitutional. The trial court disagreed and granted defendant's motion for summary disposition after finding that MCL 500.3135(2)(c); MSA 24.13135(2)(c) was "rationally related to a legitimate government interest in promoting compliance with the state's compulsory insurance law." Plaintiff now argues that the trial court erred in granting summary disposition.

* * *

(c) Damages shall not be assessed in favor of a party who was operating his or her own vehicle at the time the injury occurred and did not have in effect for that motor vehicle the security required by section 3101 at the time the injury occurred.

This Court reviews decisions regarding motions for summary disposition de novo. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). When reviewing a motion for summary disposition under MCR 2.116(C)(5), we review the record to determine whether the movant was entitled to judgment as a matter of law because the party asserting the claim did not have legal capacity to sue. *Kuhn v Secretary of State*, 228 Mich App 319, 332-333; 579 NW2d 101 (1998). We consider affidavits, pleadings, depositions, and any other documentary evidence submitted by the parties. *Id.* at 333. A motion under MCR 2.116(C)(10) tests whether there is factual support for a claim. *Spiek, supra* at 337. When reviewing a motion for summary disposition brought under MCR 2.116(C)(10), the trial court must consider the affidavits, pleadings, depositions, admissions, and documentary evidence submitted by the parties in the light most favorable to the party opposing the motion. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The motion should be granted if the affidavits or other documentary evidence show that there is no genuine issue with respect to any material fact, and the moving party is entitled to judgment as a matter of law. *Id.*

Plaintiff argues that the trial court erred in granting summary disposition because MCL 500.3135(2)(c); MSA 24.13135(2)(c) violates the Equal Protection and Due Process Clauses of the Michigan Constitution. We disagree. The constitutionality of a statute is a question of law that we review de novo. *Michigan State Employees Ass'n v Liquor Control Comm No 2*, 232 Mich App 456, 463; 591 NW2d 353 (1998).

Statutes are presumed to be constitutional, and courts have a duty to construe a statute as constitutional unless its unconstitutionality is clearly apparent. *Caterpillar, Inc v Dep't of Treasury*, 440 Mich 400, 413; 488 NW2d 182 (1992); *Mahaffey v Attorney General*, 222 Mich App 325, 344; 564 NW2d 104 (1997). The party asserting the constitutional challenge has the burden of proving the law's invalidity. *In re Hamlet (After Remand)*, 225 Mich App 505, 521-522; 571 NW2d 750 (1997). A party challenging the facial constitutionality of a statute must establish that no circumstances exist under which it would be valid. *Council of Organizations & Others For Ed About Parochiaid, Inc v Governor*, 455 Mich 557, 568; 566 NW2d 208 (1997).

The equal protection guarantee in the Michigan Constitution, Const 1963, art 1, § 2, requires that persons under similar circumstances be treated alike. *El Souri v Dep't of Social Services*, 429 Mich 203, 207; 414 NW2d 679 (1987); *Crego v Coleman*, 232 Mich App 284, 292; 591 NW2d 277 (1998). Here, plaintiff claims that the constitutionality of MCL 500.3135(2)(c); MSA 24.13135(2)(c) should be reviewed using a heightened level of scrutiny because the provision infringed on her right of access to the courts or, in the alternative, creates a semisuspect class of uninsured motorists. We do not agree that the provision should be analyzed under heightened scrutiny. Michigan's no-fault act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*, is socioeconomic legislation. *O'Donnell v State Farm Mut Automobile Ins Co*, 404 Mich 524, 540-541; 273 NW2d 829 (1979). This Court uses the rational basis test to review equal protection challenges to social or economic legislation. *Id.* at

541; *Neal v Oakwood Hosp Corp*, 226 Mich App 701, 717; 575 NW2d 68 (1997). " 'Under traditional equal protection analysis, a legislative classification must be sustained if the classification itself is rationally related to a legitimate governmental interest.' " *Shavers v Attorney General*, 402 Mich 554, 613, 624; 267 NW2d 72 (1978) (quoting *United States Dep't of Agriculture v Moreno*, 413 US 528, 533; 93 S Ct 2821; 37 L Ed 2d 782 [1973]).

We refuse to deem uninsured motorists a semisuspect class that demands intermediate scrutiny. See *Dep't of Civil Rights ex rel Forton v Waterford Twp Dep't of Parks & Recreation*, 425 Mich 173, 191; 387 NW2d 821 (1986); *Neal, supra*. The class of uninsured motorists is incomparable to classes of women, mentally incompetent individuals, and illegitimate individuals that have been deemed semisuspect. See *North Ottawa Community Hosp v Kieft*, 457 Mich 394, 405-406; 578 NW2d 267 (1998); *Doe v Dep't of Social Services*, 439 Mich 650, 662-663, n 19; 487 NW2d 166 (1992); *In re Jones Estate*, 207 Mich App 544, 549; 525 NW2d 493 (1994). Furthermore, while the right of access to the court system is a fundamental right, *Neal, supra* at 717, MCL 500.3135(2)(c); MSA 24.13135(2)(c) does not impermissibly burden the right of access to the courts. Uninsured motorists may seek certain damages under the no-fault act. See MCL 500.3135(3)(a) and (d); MSA 24.13135(3)(a) and (d). Thus, MCL 500.3135(2)(c); MSA 24.13135(2)(c) does not completely abolish uninsured motorists' right to recovery. While the statute certainly limits the remedies available to uninsured motorists, "the Legislature need not provide an 'adequate substitute' remedy before abolishing a common-law cause of action

in tort." *Shavers, supra* at 620. We therefore conclude that the legislative decision to eliminate uninsured motorists' common-law remedy of noneconomic damages must be analyzed under the traditional rational basis test. *Id.* at 620-621.

A primary goal of the no-fault act is to provide an efficient, affordable system of automobile insurance. *Marquis v Hartford Accident & Indemnity (After Remand)*, 444 Mich 638, 654-655; 513 NW2d 799 (1994); *Shavers, supra* at 578-579. Section 3135 was enacted under the belief that it would decrease the number of suits filed and the amount of money paid for pain and suffering and, thus, help to decrease or restrain insurance premiums. House Legislative Analysis, HB 4341, December 18, 1995. The specific purpose of subsection 3135(2)(c) was to correct the injustice of allowing drivers who do not contribute to the no-fault system to recover damages from persons that do contribute to the system, and to provide an incentive for uninsured motorists to comply with the requirement that they maintain no-fault automobile insurance. House Legislative Analysis, HB 4341, December 18, 1995. Classifications made by the Legislature do not have to operate perfectly. *O'Donnell, supra* at 542.

> "If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.' . . . 'The problems of government are practical ones and may justify, if they do not require, rough accommodations . . . .' "

> \* \* \*

> [W]e do not sit "as a superlegislature to judge the wisdom or desirability of legislative policy determinations." We sit

as a court to determine whether there is a rational basis for the Legislature's judgment. If there is, then that judgment must be sustained. [*Id.* at 542-543 (citations omitted).]

We conclude that the state government has a legitimate interest in maintaining a fair, affordable system of automobile insurance and the preclusion of uninsured motorists' recovery of noneconomic damages is rationally related to that legitimate governmental objective. Accordingly, MCL 500.3135(2)(c); MSA 24.13135(2)(c) does not violate the Equal Protection Clause of the Michigan Constitution. Const 1963, art 1, § 2.

We further conclude that MCL 500.3135(2)(c); MSA 24.13135(2)(c) did not deny plaintiff her substantive due process rights. Const 1963, art 1, § 17. "The test to determine whether legislation enacted pursuant to the police power comports with due process is whether the legislation bears a reasonable relation to a permissible legislative objective." *Shavers, supra* at 612. MCL 500.3135(2)(c); MSA 24.13135(2)(c) is reasonably related to the legislative objectives of promoting fairness within the no-fault insurance system, reducing or restraining insurance premiums, and providing an incentive to comply with the insurance requirement of the no-fault act.

Accordingly, we hold that MCL 500.3135(2)(c); MSA 24.13135(2)(c) does not violate the Equal Protection and Due Process Clauses of the Michigan Constitution and the trial court did not err in granting summary disposition in favor of defendant.

Affirmed.