# STATE OF MICHIGAN

# COURT OF APPEALS

PEARLINE DAVIS,

       Plaintiff-Appellant,

v

M&T BANK,

       Defendant-Appellee.

UNPUBLISHED
June 7, 2018

No. 338705
Wayne Circuit Court
LC No. 17-002555-CH

Before: SERVITTO, P.J., and GLEICHER and STEPHENS, JJ.

PER CURIAM.

The circuit court summarily dismissed Pearline Davis's quiet title action against the current holder of the mortgage interest against her property. The court correctly held that Davis lacked standing to challenge the validity of the assignment between mortgage companies. We affirm.

## I. BACKGROUND

On November 16, 1999, Davis executed a mortgage over her home in favor of World Wide Financial Services, Inc. to secure a $60,000 loan. The mortgage provided that the note could be sold or the loan servicer changed at any time without Davis's permission or participation. On July 10, 2000, World Wide did just that; it assigned its interest to Countrywide Home Loans, Inc. At some point Bank of America purchased Countrywide and Countrywide and its holdings were wholly absorbed into Bank of America. On January 21, 2012, Bank of America assigned Davis's mortgage to defendant M & T Bank. Four years later, Bank of America and M & T executed a "corrective assignment of mortgage" to clarify that Bank of America secured its mortgage interest from Countrywide during the sale.

As of November 1, 2015, Davis stopped repaying her mortgage debt and M & T wanted to foreclose. M & T then noticed that the July 10, 2000 assignment from World Wide to Countrywide did not mention World Wide by name, although it was signed by a World Wide authorized agent. Accordingly, M & T filed suit against World Wide to reform the 2000 assignment. As World Wide was no longer extant, M & T served process on the Michigan Bureau of Commercial Services, Corporate Division as required by MCR 2.105(D)(4). Ultimately, the circuit court in that action entered a default judgment against World Wide and reformed the assignment to read that World Wide assigned its interest to M & T.

-1-

The reformed assignment led to the current action. Before M & T could start foreclosure proceedings, Davis filed suit to quiet title. Davis noted that the 2012 assignment came from Bank of America to M & T. Davis asserted that she never executed a mortgage agreement with Bank of America and therefore, M & T's assignment "lack[ed] privity of contract with Ms. Davis." She requested that M & T's purported mortgage interest "be stricken, discharged and otherwise released."

Shortly after answering the complaint, M & T sought summary disposition of Davis's action. M & T presented the documents in its chain of title, including the 2016 corrected assignment and reformed assignment issued and recorded after its previous suit against World Wide. Given the chain of title, M & T contended that Davis's claims failed as a matter of law. M & T further argued that Davis lacked standing to challenge the mortgage assignment reformation as "she was not in privity with the assignor or assignee."

The circuit court granted M & T's dismissal motion. The court determined as a matter of law that Davis's fee simple property interest was subject to M & T's mortgage. The court then ruled that Davis lacked standing "to challenge the assignments from World Wide . . . (the original mortgagor) to Country Wide and eventually to M & T Bank." Legally, the court stated, "A litigant who is not a party to an assignment lacks standing to challenge that assignment. . . . An assignment is a contract between the assignor and the assignee, and as such [Davis] is not a party to it and cannot challenge it."

Davis now appeals.

## II. ANALYSIS

Although the circuit court cited MCR 2.116(C)(8), summary dismissal based on the lack of standing is properly considered under subsection (C)(5) ("The party asserting the claim lacks the legal capacity to sue."). "[A]n order granting summary disposition under the wrong subrule may be reviewed under the correct rule." *Limbach v Oakland Co Bd of Co Rd Comm'rs*, 226 Mich App 389, 395; 573 NW2d 336 (1997). In reviewing the grant of summary disposition pursuant to MCR 2.116(C)(5), we "consider the pleadings, depositions, admissions, affidavits, and other documentary evidence" "to determine whether the movant was entitled to judgment as a matter of law because the party asserting the claim did not have legal capacity to sue." *Aichele v Hodge*, 259 Mich App 146, 152; 673 NW2d 452 (2003); *Stevenson v Reese*, 239 Mich App 513, 516; 609 NW2d 195 (2000).

It is a long-standing rule in Michigan that an individual who is not a party to an assignment lacks standing to challenge that assignment. *Bowles v Oakman*, 246 Mich 674, 678; 225 NW 613 (1929). In *Bowles*, our Supreme Court held that a promissor "cannot, in an action brought against him by the indorsee or transferee thereof, litigate questions that can properly arise only between the holder and his immediate indorser." *Id*. at 679 (quotation marks and citation omitted). "A maker, when sued on such instrument, may defend on the ground that the plaintiff is not the owner of the instrument, does not have legal title to it, for the reason that the maker has a right to insist that he pay his obligation but once, and hence to the true owner." *Id*. at 677-678. This is consistent with basic principles of standing. See *Warth v Seldin*, 422 US 490, 499; 95 S Ct 2197; 45 L Ed 2d 343 (1975) ("[T]he plaintiff generally must assert his own

legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.").

The United States Court of Appeals for the Sixth Circuit analyzed the very issue before us under Michigan law in *Livonia Props Holdings, LLC v 12840-12976 Farmington Rd Holdings, LLC*, 399 F Appx 97, 102-103 (CA 6, 2010). In *Livonia Props*, the Sixth Circuit held that the plaintiff mortgagor/property owner was unable to challenge the assignment of the mortgage on his property due to a lack of standing. *Id*. at 102-103.

> [E]ven if there was a flaw in the assignment, Livonia does not have standing to raise that flaw to challenge Farmington's chain of title. As recognized by the district court, there is ample authority to support the proposition that "a litigant who is not a party to an assignment lacks standing to challenge that assignment." [*Livonia Props Holdings, LLC v 12840-12976 Farmington Rd Holdings, LLC*, 717 F Supp 2d 724, 736-737 (ED Mich 2010).] An obligor "may assert as a defense any matter which renders the assignment absolutely invalid or ineffective, or void." 6A CJS Assignments § 132 (2010). These defenses include nonassignability of the instrument, assignee's lack of title, and a prior revocation of the assignment, none of which are available in the current matter. *Id*. Obligors have standing to raise these claims because they cannot otherwise protect themselves from having to pay the same debt twice. *Id*. [*Livonia Props*, 399 F Appx at 102.]

As noted in the federal district court opinion, "Borrower certainly has an interest in avoiding foreclosure. But the validity of the assignments does not effect [sic] *whether* Borrower owes its obligations, but only to *whom* Borrower is obligated." *Livonia Props*, 717 F Supp 2d at 735 (emphasis in original). The borrower has no standing to challenge to whom the obligation is owed when the obligee has changed by an assignment to which the borrower was not a party.

As Davis was not a party to any of the string of assignments that occurred in this case, she does not have standing to challenge M & T's identity as the current holder of her mortgage. The circuit court properly dismissed this action. Given our resolution of this issue, we need not consider Davis's remaining challenges or M & T's alternative grounds for affirming.

We affirm.


/s/ Deborah A. Servitto
/s/ Elizabeth L. Gleicher
/s/ Cynthia Diane Stephens