*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHELLE MCCARTY,

      Plaintiff-Appellant,

v

WANDA AKINS and EVEREST NATIONAL INSURANCE COMPANY,

      Defendants-Appellees.

UNPUBLISHED
January 21, 2021

No. 350052
Calhoun Circuit Court
LC No. 2018-001365-NI

Before: REDFORD, P.J., and RIORDAN and TUKEL, JJ.

PER CURIAM.

Plaintiff, Michelle McCarty, appeals as of right the trial court's orders granting summary disposition to defendants, Everest National Insurance Company and Wanda Akins, under MCR 2.116(C)(10). Plaintiff argues that the trial court erred by concluding that she did not have a valid no-fault insurance contract with Everest at the time of her April 2017 car accident and, therefore, that she could not make a first-party claim for personal protection (PIP) insurance against Everest or a tort claim against Akins. We disagree and affirm.

## I. UNDERLYING FACTS

This case arose out of a motor vehicle accident that occurred on April 24, 2017, when plaintiff was driving through an intersection and collided with Akins's vehicle. Everest refused to pay plaintiff's PIP benefits, leading plaintiff to file a complaint alleging that she was entitled to PIP benefits from Everest and tort damages from Akins. Everest moved for summary disposition, arguing that plaintiff's insurance policy had been rescinded because she misrepresented material facts when she failed to disclose, on her insurance application, that she lived with her father. The trial court granted Everest's motion, concluding that plaintiff's failure to disclose that she lived with her father was a materially false representation.

Subsequently, Akins moved for summary disposition, arguing that on the basis of plaintiff's insurance policy having been rescinded, plaintiff's vehicle was not insured at the time of the accident and, therefore, plaintiff was statutorily barred from bringing a third-party claim against Akins. The trial court granted Akins's motion. This appeal followed.

## II. STANDARD OF REVIEW

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a complaint and is reviewed de novo. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 205-206; 815 NW2d 412 (2012). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). Summary disposition "is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id*. "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). "Only the substantively admissible evidence actually proffered may be considered." *1300 LaFayette East Coop, Inc v Savoy*, 284 Mich App 522, 525; 773 NW2d 57 (2009) (quotation marks and citation omitted). "Circumstantial evidence can be sufficient to establish a genuine issue of material fact, but mere conjecture or speculation is insufficient." *McNeill-Marks v Midmichigan Med Ctr-Gratiot*, 316 Mich App 1, 16; 891 NW2d 528 (2016).

"The remedy of rescission is granted only in the sound discretion of the court." *Pioneer State Mut Ins Co v Wright*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket No. 347072); slip op at 4 (citation and quotation marks omitted). "An abuse of discretion occurs when the decision resulted in an outcome falling outside the range of principled outcomes." *Hayford v Hayford*, 279 Mich App 324, 325; 760 NW2d 503 (2008). "An error of law necessarily constitutes an abuse of discretion." *Denton v Dep't of Treasury*, 317 Mich App 303, 314; 894 NW2d 694 (2016).

## III. RESCISSION OF THE INSURANCE POLICY

Plaintiff argues that the trial court erred by granting Everest's motion for summary disposition because any misrepresentations in her insurance application were caused by the insurance agent who helped plaintiff fill the form out and plaintiff further argues that the misrepresentations were not material. We disagree.

"Generally, fraud in the inducement to enter a contract renders the contract voidable at the option of the defrauded party. For that reason, an insurance policy procured by fraud may be declared void *ab initio* at the option of the insurer." *Bazzi v Sentinel Ins Co*, 502 Mich 390, 408; 919 NW2d 20 (2018) (citations, ellipsis, brackets, and quotation marks omitted). This Court has stated the requirements for proving fraud in an insurance claim as follows:

> To void a policy because the insured has wilfully misrepresented a material fact, an insurer must show that (1) the misrepresentation was material, (2) that it was false, (3) that the insured knew that it was false at the time it was made or that it was made recklessly, without any knowledge of its truth, and (4) that the insured made the material misrepresentation with the intention that the insurer would act upon it. A statement is material if it is reasonably relevant to the insurer's investigation of a claim. [*Bahri v IDS Property Cas Ins Co*, 308 Mich App 420, 424-425; 864 NW2d 609 (2014) (citation omitted).]

"Rescission is justified without regard to the intentional nature of the misrepresentation, as long as it is relied upon by the insurer. Reliance may exist when the misrepresentation relates to the insurer's guidelines for determining eligibility for coverage." *Lake States Ins Co v Wilson*, 231 Mich App 327, 331; 586 NW2d 113 (1998). When a contract is rescinded, "[i]n effect, the insurance policy is considered never to have existed." *Bazzi*, 502 Mich at 408. "Rescission abrogates a contract and restores the parties to the relative positions that they would have occupied if the contract had never been made. Because a claim to rescind a transaction is equitable in nature, it is not strictly a matter of right but is granted only in the sound discretion of the court." *Id*. at 409 (citations and quotation marks omitted).

"When a plaintiff is seeking rescission, the trial court must balance the equities to determine whether the plaintiff is entitled to the relief he or she seeks. Accordingly, courts are not required to grant rescission in all cases." *Id*. at 410 (citation and quotation marks omitted). Finally, "rescission should not be granted in cases where the result thus obtained would be unjust or inequitable, or where the circumstances of the challenged transaction make rescission infeasible." *Id*. (citations and quotation marks omitted).

Defendants argue that plaintiff's failure to disclose in her insurance application that she lived with her father constituted a fraudulent misrepresentation. Plaintiff argues that the misrepresentation was caused by the insurance agent who filled out plaintiff's insurance application and, therefore, that the misrepresentation should not be held against her. The insurance agent who filled out plaintiff's insurance application was an independent insurance agent, meaning that she sold insurance policies for other companies in addition to Everest. When an insurance policy "is facilitated by an independent insurance agent or broker, the independent insurance agent or broker is considered an agent of the insured rather than an agent of the insurer." *Genesee Foods Servs, Inc v Meadowbrook, Inc*, 279 Mich App 649, 654; 760 NW2d 259 (2008) (quotation marks and citation omitted). Thus, the insurance agent was an independent agent acting as a representative of plaintiff, not Everest, and any fault of the insurance agent thus is attributable to plaintiff. Consequently, if plaintiff fraudulently misrepresented material facts in her insurance application based on the insurance agent's advice, rescission is an available remedy.

Plaintiff was asked multiple times when she filled out her insurance application if anyone else over the age of 14 lived in her household. Each time the issue arose, plaintiff withheld the fact she lived with someone over the age of 14 in her household, her father, before, during, and after the time she filled out her insurance application. Everest asserts that if it had known that plaintiff lived with her father it would have either rejected the risk or charged an increased premium.

The first instance of plaintiff failing to disclose that her father lived with her came in answer to the question on the application directing her to list all of the potential drivers of the vehicle. The application specifically stated that she must include "all household members age 14 or older" as potential drivers and that her "total policy premium can be affected by this information." Despite these instructions, plaintiff listed only herself as a potential driver of her vehicle. Additionally, on page four of the application, plaintiff was asked to confirm that she had listed all household members age 14 or older on her policy. In addition, plaintiff signed the application policy under a provision titled "APPLICANT'S STATEMENT – READ BEFORE SIGNING," which provided, in pertinent part:

> I hereby apply to the Company for a policy of insurance, as set forth in this application, on the basis of statements contained herein. I agree that if I intentionally conceal or misrepresent a material fact or circumstance relating to the insurance, the policy shall be null or void. . . . I certify that all household members age 14 or older, including but not limited to spouse(s), roommate(s), children, family members and wards have been listed as potential drivers.

At the time she completed the insurance application, plaintiff lived with her father, who was over the age of 14, and she continued to live with him afterwards. As such, plaintiff made multiple false statements in her insurance application. Plaintiff argues that even if false, the misstatements were not material. Our Supreme Court has defined a fact or representation in an insurance application as being material "if it would have had the effect of 'substantially increasing the chances of loss insured against so as to bring about a rejection of the risk or the charging of an increased premium.' " *Oade v Jackson Nat'l Life Ins Co of Mich*, 465 Mich 244, 253-254; 632 NW2d 126 (2001). The analysis of materiality turns on "whether 'the' contract issued, at the specific premium rate agreed upon, would have been issued notwithstanding the misrepresented facts." *Id.* at 254.

In light of the definition of materiality, it is clear that the misrepresentations at issue here were material. The affidavit of Paul Serota, the Vice President of Underwriting for the third-party underwriter of Everest asserted that if Everest had known that plaintiff's father lived with her, it would have charged an additional $432 in premium. Faced with that assertion in Serota's affidavit in support of the motion for summary disposition, plaintiff could not "rest upon the mere allegations or denials of his or her pleading," but rather was obligated, "by affidavits or as otherwise provided in this rule," to "set forth specific facts showing that there is a genuine issue for trial." MCR 2.116(G)(4). Plaintiff failed to show any basis for disputing Serota's assertion about what the premium would have been had it known the true facts, and thus, judgment was appropriately entered against her. *Id.*; see *Bahri*, 308 Mich App at 424-425.[1]

This is not a situation with two innocent parties; plaintiff knowingly made repeated false statements in her insurance application, but Everest did not make any false statements or representations when entering into the insurance contract with plaintiff. Everest concluded that the risk of insuring plaintiff was higher because she lived with her father, and plaintiff failed to disclose this information when she applied for her car insurance policy with Everest. The trial court concluded that the appropriate remedy for plaintiff's actions was rescission of the insurance contract. Granting such a remedy was within the trial court's discretion.

---

[1] Plaintiff also takes issue with the materiality of the question regarding the presence of household residents over the age of 14. While of course plaintiff's father was significantly older than that, the age of 14 is a material fact for purposes of determining who might be a licensed driver, a relevant factor in assessing the risk for the issuance of an insurance policy, as "a person who is not less than 14 years and 9 months of age may be issued a level 1 graduated licensing status to operate a motor vehicle." MCL 257.310e.

## IV. TORT CLAIMS

Plaintiff argues that she was insured by Everest at the time of the accident, and, therefore, the disqualification of uninsured drivers under MCL 500.3135(2)(c) is not applicable. We disagree.

As discussed earlier, when a contract is rescinded, "[i]n effect, the insurance policy is considered never to have existed." *Bazzi*, 502 Mich at 408. Consequently, because plaintiff's insurance contract with Everest has been rescinded it is as if the insurance contract never existed. See *id*. Accordingly, plaintiff was uninsured at the time of the accident. See *id*.

In April 2017, at the time of the accident, the operative version of MCL 500.3113[2] later amended by 2016 PA 364, provided in pertinent part:

A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

\* \* \*

(b) The person was the owner or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the security required by section 3101 or 3103 was not in effect.

The then-operative version of MCL 500.3101 provided that "[t]he owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance."

"Apart from certain enumerated exceptions, the no-fault act abolished tort liability for harm caused while owning, maintaining, or using a motor vehicle in Michigan." *Gray v Chrostowski*, 298 Mich App 769, 775; 828 NW2d 435 (2012) (citation and quotation marks omitted). MCL 500.3135 governs tort liability for noneconomic loss caused by the use of a motor vehicle. Specifically, at the time of the accident, MCL 500.3135(2)(c) provided that "[d]amages shall not be assessed in favor of a party who was operating his or her own vehicle at the time the injury occurred and did not have in effect for that motor vehicle the security required by section 3101 at the time the injury occurred." Stated differently, "MCL 500.3135(2)(c) bars an uninsured motorist from recovering noneconomic damages for claims that arise under the threshold exception to tort

---

[2] The no fault act was significantly amended after the trial court ruled. See 2019 PA 21; 2019 PA 22. The amendments to the no fault act, however, only made minor changes to the provisions of the no fault act at issue in this case, and those changes do not affect the issues presented. Compare 2019 PA 21 and 2019 PA 22 with 2016 PA 364 and 2012 PA 158. Furthermore, neither party has argued that the recent amendments to the no fault act affect the outcome of this case and, therefore, we will not address the issue further.

immunity set forth in MCL 500.3135(1)."[3]  *Gray*, 298 Mich App at 779.  MCL 500.3135(2)(c) also precludes the recovery of third-party, noneconomic damages.  *Stevenson v Reese*, 239 Mich App 513, 520; 609 NW2d 195 (2000).

It is undisputed that plaintiff was the owner of the vehicle at the time of the accident. Additionally, as explained earlier, plaintiff did not have insurance on her vehicle at the time of the accident, due to the effect of the rescission.  Consequently, plaintiff did not fulfill the requirements of MCL 500.3101 as it then applied and, by extension, could not make a PIP claim under the then-applicable version of MCL 500.3113 or a claim for tort liability under the then-applicable version of MCL 500.3135.  Thus, the trial court did not err by granting summary disposition to defendants.

## V.  CONCLUSION

For the reasons stated in this opinion, the trial court's orders granting summary disposition to defendants are affirmed, because plaintiff's material misrepresentations permitted Everest to rescind the insurance policy; and the rescission barred plaintiff from tort recovery against either defendant.  Defendants, as the prevailing parties, may tax costs pursuant to MCR 7.219.

/s/ James Robert Redford
/s/ Michael J. Riordan
/s/ Jonathan Tukel

---

[3] At the time of the accident, former MCL 500.3135(1) provided that "[a] person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement."